United States District Court
Southern District of Texas
**ENTERED**
July 07, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RAMON SOLAR ARMENTEROS, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-25-6092 |
| vs. | § | |
| | § | |
| WARDEN, Montgomery Processing Center, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

The petitioner, Ramon Solar Armenteros, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center. Representing himself, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Docket Entry No. 1). On May 13, 2026, the government filed a Notice of Anticipated Removal stating that the government planned to remove Solar Armenteros from the United States on May 22, 2026. (Docket Entry No. 16). In an order of June 26, 2026, the government was ordered to file an update indicating whether Solar Armenteros has been removed from the United States. (Docket Entry No. 17). If Solar Armenteros is still in ICE custody, the government was further ordered to provide an update, in the form of a sworn declaration from a deportation officer, on what further efforts have transpired in obtaining the petitioner's removal. (*Id.*).

The government has filed a Status Update, which provides in full:

> In response to the Court's June 26, 2026 Order (Dkt. No. 17), Federal Respondents advise the Court that no additional material efforts have transpired in effectuating Petitioner's removal from the United States since Respondents' March 23, 2026

> declaration (Dkt. No. 15 at Ex. 1). See attached Exhibit 3 (updated declaration dated July 6, 2026). At this juncture, there are no facts in the instant case that would allow a finding that Petitioner's continued detention meets the standard set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

(Docket Entry No. 18). The government agrees that Solar Armenteros is entitled to relief on his *Zadvydas* claim and the court will order his immediate release.

The court **orders** as follows:

1. The respondents' motion for summary judgment (Docket Entry No. 15) is **denied**.
2. The petition for a writ of habeas corpus filed by Ramon Solar Armenteros (Docket Entry No. 1) is **granted in part**.
3. Any other pending motions are **denied as moot**.
4. The respondents must release the petitioner, Ramon Solar Armenteros, **within 48 hours of entry of this Order**. The petitioner's release is subject to 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. The petitioner must be released in a public place within the Southern District of Texas, between the hours of 7:00 a.m. and 7:00 p.m. **The respondents must facilitate communication with the petitioner's friends, family, or other party able to assist with the petitioner's safe transfer from detention. The respondents will work with the petitioner's contacts to ensure a safe transfer out of detention and will not impede the petitioner's efforts and ability to secure safe transportation from a public place outside of the detention center to the petitioner's friends, family, or other trusted contact**. **<u>The respondents must also ensure that the petitioner is given a copy of this Order before the petitioner is released</u>**.
5. The respondents must return to the petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during his detention.
6. The petitioner may not be re-detained without a showing that there has been a material change in circumstances, for example, a showing that the petitioner's documents are ready, that a third country has agreed to accept the petitioners, and that the petitioner has been provided notice of that third country and an opportunity to object to the third country removal.
7. Within five (5) days of the date of this Order, the respondents must **file** a status report confirming that the petitioner has been released and describing, with sufficient detail, the circumstances regarding the petitioner's release, including but not limited to, where the petitioner was released from custody and at what time the petitioner was released.

SIGNED on July 7, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge